Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ICON CONSTRUCTION, INC., | § | CASE NO. 19-40279-btr |
| | § | Chapter 11 |
| Debtor. | § | |

### DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION
### DATED JULY 23, 2019

     Icon Construction, Inc. (the "Debtor"), proposes the following First Amended Plan of Reorganization ("Plan") Dated July 23, 2019, pursuant to Chapter 11 of the United States Bankruptcy Code on behalf of the Debtor. The Debtor's profitability to fund the Plan is based on the amount of money that it will earn through the continuation of its business. The Debtor shall file periodic financial reports with the Court, as required by the Code, covering the Debtor's profitability, projections of cash receipts and disbursements for a reasonable period and a comparison of actual cash receipts and disbursements with projections in prior reports. These reports shall be available on the Court's PACER site at www.txeb.uscourts.gov using the Debtor's name and/or case number as referenced above or from Debtor's counsel.

# **TABLE OF CONTENTS**

ARTICLE I - DEFINITIONS AND USE OF TERMS ................................................................. 3

ARTICLE II - CONCEPT OF THE PLAN ...................................................................................... 6

ARTICLE III - GENERAL TERMS AND CONDITIONS ........................................................... 7

ARTICLE IV - DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS ...................... 7

ARTICLE V- PROVISIONS FOR SATISFACTION OF CLAIMS AND INTERESTS.............. 8

ARTICLE VI - MEANS FOR IMPLEMENTATION OF PLAN ................................................ 13

ARTICLE VII - TREATMENT OF EXECUTORY CONTRACTS
      AND UNEXPIRED LEASES .......................................................................................... 13

ARTICLE VIII - ENFORCEMENT, SETTLEMENT, OR ADJUSTMENT OF CLAIMS ........ 14

ARTICLE IX - EFFECT OF CONFIRMATION ......................................................................... 15

ARTICLE X - MISCELLANEOUS PROVISIONS .................................................................... 16

ARTICLE XI - MODIFICATION OF THE PLAN ..................................................................... 17

ARTICLE XII - RETENTION OF JURISDICTION ................................................................... 18

# ARTICLE I
# DEFINITIONS AND USE OF TERMS

**1.01** **Defined Terms**.  Unless the context otherwise requires, capitalized terms shall have the meanings set forth in this section 1.01.

**1.01.01** **Administrative Claim or Expense** means an administrative expense or Claim described in Section 503 of the Bankruptcy Code and entitled to administrative priority pursuant to Section 507(a)(1) of the Bankruptcy Code, including, but not limited to, Claims for compensation of professionals made pursuant to Sections 330 and 331 of the Bankruptcy Code, and all fees and charges assessed against the Debtor and Debtor's property under 28 U.S.C. Section 1930.

**1.01.02** **Administrative Tax Claim** means an Unsecured Claim by any governmental unit for taxes (including interest or penalties related to such taxes) for any tax year or period, all or a portion of which occurs or falls within the period from and including the Petition Date through the Effective Date.

**1.01.03** **Allowed Claim** means a Claim against the Debtor allowable under the Bankruptcy Code to the extent that (i) a proof of Claim, proof of Interest, or request for payment was timely Filed or, with leave of the Bankruptcy Court, late Filed, and as to which no objection has been timely Filed or, if Filed, is allowed by a Final Order, unless otherwise provided in this Plan or (ii) the Claim is scheduled and not listed as disputed, contingent, or unliquidated, and to which no objection has been timely Filed or, if Filed, is allowed by a Final Order.

**1.01.04** **Allowed Secured Claim** means any Allowed Claim secured by a lien, security interest, or other charge or interest in property in which the Debtor has an interest, to the extent of the value thereof (determined in accordance with Bankruptcy Code Section 506(a)).

**1.01.05** **Bankruptcy Code or Code** means the United States Bankruptcy Code, Title 11 of the United States Code Section 101 et seq., as amended.

**1.01.06** **Bankruptcy Court** means the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division or such other court that may have jurisdiction with respect to the reorganization of the Debtor pursuant to Chapter 11 of the Bankruptcy Code.

**1.01.07** **Bankruptcy Rule** means the Federal Rules of Bankruptcy Procedure.

**1.01.08** **Bar Date** means subsequent to which a proof of pre-petition Claim may not timely be Filed or the date by which proofs of claims held by governmental agencies must be filed.

**1.01.09** **Case** means this Chapter 11 Bankruptcy Case in the Bankruptcy Court.

**1.01.10** **Claim** shall have the meaning set forth in Bankruptcy Code Section 101(5).

**1.01.11**   **Claimant** means any person or entity having or asserting a Claim in the case.

**1.01.12**   **Class** or **Classes** mean all of the holders of Claims or Interests that the Debtor has designated pursuant to Section 1123(a)(1) of the Bankruptcy Code as having substantially similar characteristics as described in Article IV of this Plan.

**1.01.13**   **Confirmation** means the entry by the Bankruptcy Court of a Confirmation Order confirming this Plan.

**1.01.14**   **Confirmation Date** means the date on which the Confirmation Order is entered.

**1.01.15**   **Confirmation Hearing** means the hearing or hearings held before the Bankruptcy Court in which the Debtor will seek Confirmation of this Plan.

**1.01.16**   **Confirmation Order** means the Order of the Court confirming this Plan under Section 1129 of the Bankruptcy Code.

**1.01.17**   **Contested** when used with respect to a Claim, means a Claim against the Debtor (a) that is listed in the Debtor's Schedules of Assets and Liabilities as disputed, contingent, or unliquidated; (b) that is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (c) as to which an objection has been or may be timely filed and has not been denied by Final Order.  To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

**1.01.18**   **Creditor** shall have the meaning specified by Section 101(9) of the Code.

**1.01.19**   **Debtor** means Icon Construction, Inc.

**1.01.20**   **Disputed Claim** means any Claim that is not an Allowed Claim.

**1.01.21**   **Effective Date** means sixty days after the Confirmation Date.

**1.01.22**   **Estate** means the estate created pursuant to Bankruptcy Code Section 541 with respect to the Debtor.

**1.01.23**   **Fee Claim** means a Claim under Bankruptcy Code Sections 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in the Debtor's Chapter 11 case.

**1.01.24**   **Filed** means delivered to the Clerk of the Bankruptcy Court.

  **1.01.25** **Final Order** means an Order as to which any appeal that has been taken has not been stayed following the expiration of the time for appeal or has been resolved, or as to which the time for appeal has expired.

  **1.01.26** **General Unsecured Claim** means Unsecured Claim that is not entitled to priority under Section 507(a) of the Bankruptcy Code.

  **1.01.27** **Impaired** means the treatment of an Allowed Claim pursuant to the Plan <u>unless</u>, with respect to such Claim, either (I) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim entitles the holder of such Claim, or (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim to demand or receive accelerated payment of such Claim after occurrence of a default, the Debtor (A) cures any default that occurred before or after the commencement of the Chapter 11 Case on the Petition Date, other than default of the kind specified in Section 365(b)(2) of the Bankruptcy Code; (B) reinstates the maturity of such Claim as such maturity existed before such default; (C) compensates the holder of such Claim for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) does not otherwise alter the legal, equitable or contractual rights to which such Claim entitles the holder of such Claim; or (iii) the Plan provides that on the Effective Date, the holder of such Claim receives, on account of such Claim, cash equal to the Allowed Amount of such Claim.

  **1.01.28** **Petition Date** means February 1, 2019, the date the Debtor's petition was filed commencing this bankruptcy case.

  **1.01.29** **Plan** means this Plan of Reorganization, as it may be amended or modified from time to time as permitted herein and by the Bankruptcy Court.

  **1.01.30** **Pre-petition** means prior to the Petition Date.

  **1.01.31** **Priority Tax Claim** means a Claim entitled to priority pursuant to Bankruptcy Code Section 507(a)(8).

  **1.01.32** **Pro Rata** means proportionately, based on the percentage that the amount of an Allowed Claim within a particular Class bears to the aggregate amount of all Allowed Claims in such Class.

  **1.01.33** **Property of the Estate** means all property in which the Debtor holds a legal or an equitable interest, including all property described in Bankruptcy Code Section 541.

  **1.01.34** **Rejection Claim** means any Claim arising pursuant to Bankruptcy Code Section 502(g) by reason of rejection by the Debtor of an executory contract or unexpired lease pursuant to Bankruptcy Code Sections 365 or 1123(b)(2).

  **1.01.35** **Secured Claim** means any Claim secured by a lien, security interest, or other charge or interest in property in which the Debtor has an interest, to the extent of the value thereof (determined in accordance with Bankruptcy Code Section 506(a)).

**1.01.36** **Secured Tax Claim** means any Tax Claim which is secured by real or personal property.

**1.01.37** **Secured Creditor** or **Secured Claimant** means any Claimant holding a Secured Claim.

**1.01.38** **Unimpaired** means not Impaired.

**1.01.39** **Unsecured Claim** means any Claim not collateralized (or the extent not fully collateralized) by assets of the Debtor.

**1.01.40** **Unsecured Claimants** or **Unsecured Creditors** means any holder of an Unsecured Claim.

**1.01.41** **Voidable Transfer** means all transfers voidable under Sections 544, 545, 547, 548, 549 and/or 550 of the Code or any other state or federal transfer.

**1.02** **Number and Gender of Words**. Whenever the singular number is used, it shall include the plural, and the plural shall include the singular, as appropriate to the context. Words of any gender shall include each other gender where appropriate.

**1.03** **Terms Defined in the Bankruptcy Code**. Capitalized terms not specifically defined in section 1.01 of the Plan shall have the definitions given those terms, if applicable, in the Bankruptcy Code.

**1.04** **Headings**. The headings and captions used in this Plan are for convenience only and shall not be deemed to limit, amplify or modify the terms of this Plan nor affect the meaning thereof.

**1.05** **Time Computation.** In computing any period of time prescribed herein, the provisions of Federal Rule of Bankruptcy Procedure Rule 9006(a) shall apply.

## ARTICLE II
## CONCEPT OF THE PLAN

**2.01** **Generally.** The Plan is a plan of reorganization. The Debtor shall continue its business after the Confirmation Date. The Debtor operates a pre-fab manufacturing facility that constructs pre-fab modular buildings for a variety of commercial uses. Such uses include offices, medical facilities, hotels, housing and other types of habitable commercial uses.

**2.02** The Plan will be funded from the continuing operations of the Debtor.

# ARTICLE III
# GENERAL TERMS AND CONDITIONS

**3.01** **Treatment** **of** **Claims**.  This Plan is intended to resolve all Claims against the Debtor and/or property of the Debtor of whatever character, whether contingent or liquidated, or whether allowed by the Bankruptcy Court pursuant to Bankruptcy Code Section 502(a). However, only Allowed Claims will receive treatment afforded by the Plan.  The Plan is designed to insure that Claimants shall receive at least as much pursuant to this Plan as they would receive in a liquidation pursuant to Chapter 7 of the Bankruptcy Code.

**3.02** **Time** **for** **Filing** **Claims**.  The holder of any Administrative Claim other than (i) a Fee Claim, (ii) a liability incurred and paid in the ordinary course of business by the Debtor, or (iii) an Allowed Administrative Claim, must file with the Bankruptcy Court and serve on the Debtor and its respective counsel, notice of such Administrative Claim within thirty (30) days after the Effective Date.  At a minimum, such notice must identify (i) the name of the holder of such Claim, (ii) the amount of such Claim, and (iii) the basis of such Claim.  Failure to file this notice timely and properly shall result in the Administrative Claim being forever barred and discharged.

Each Person asserting an Administrative Expense that is a Fee Claim incurred before the Effective Date shall be required to file with the Bankruptcy Court, and serve on the Debtor's counsel and the U. S. Trustee, a Fee Application within sixty (60) days after the Effective Date.

A person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

Liabilities incurred from the Petition Date through the Effective Date in the ordinary course of business shall be paid in the ordinary course of business by the Debtor.

**3.03** **Modification** **to** **the** **Plan**.  In accordance with Bankruptcy Rule 3019, to the extent applicable, this Plan may be modified or amended upon application of the Debtor, or corrected prior to the Confirmation Date, provided that notice and an opportunity for hearing have been given to any affected party. The Plan may be modified at any time after Confirmation and before the Effective Date, provided that the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as modified, under section 1129 of the Bankruptcy Code, the circumstances warrant such modification and Debtor consents thereto in writing.

# ARTICLE IV
# DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The Debtor designates the following Classes of Claims and Interests pursuant to Bankruptcy Code Section 1123. The Debtor shall pay all fees assessed by the Office of the United States Trustee until this Case is closed by the Court or the Debtor is otherwise released from such obligations by the Court.

Class 1: Allowed Priority Claims of Ad Valorem Taxing Authorities
Class 2: Allowed Secured Claim of BOKF, NA
Class 3: Allowed Secured Claims of Ford Credit
Class 4: Allowed Secured Claim of Oklahoma Employment Security Commission
Class 5: Allowed Claims for Employee Commissions
Class 6: Allowed Priority Claim of the IRS
Class 7: Allowed Claims of Unsecured Creditors
Class 8: Allowed Interests of Equity Holders

# ARTICLE V
# PROVISIONS FOR SATISFACTION OF CLAIMS AND INTERESTS

The Claims and Interests classified in Article IV hereof shall be treated in the manner set forth in this Article V.

**5.01** **Administrative Claims**. Each holder of an Administrative Claim other than Professional Fee Administrative Claims shall receive, in full satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed Administrative Claim, (i) Cash equal to the unpaid portion of such Allowed Administrative Claim or (ii) such other treatment as to which the Debtor and such holder shall have agreed upon in writing; provided, however, that Allowed Administrative Claims with respect to liabilities incurred by the Debtor in the ordinary course of business during the Bankruptcy Case shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto. On or before the Effective Date, the Debtor shall pay or have paid in full all Allowed Administrative Claims for the Effective Date shall be paid by the Reorganized Debtor when they are due until the Bankruptcy Case is closed pursuant to a final decree, order of dismissal, or order of conversion. Until entry of such an order, the Reorganized Debtor shall file with the Bankruptcy Court and serve upon the United States Trustee a quarterly financial report. Any administrative ad valorem tax claims shall be paid pursuant to otherwise applicable state law.

**5.02** **Professional Fee Administrative Claims.** All persons that are awarded compensation or reimbursement of expenses by the Bankruptcy Court in accordance with sections 330 or 331 of the Bankruptcy Code or entitled to the priorities established pursuant to sections 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code, shall be paid in full, in Cash, the amounts allowed by the Bankruptcy Court on or as soon as reasonably practicable following the later of the Effective Date or the date on which the order allowing such Claim becomes a Final Order, or upon such other terms as may be mutually agreed upon between such holder of an Allowed Professional Fee Claim and the Reorganized Debtor.

**Treatment of Allowed Administrative Expenses**

Allowed Administrative Expenses will be paid in full once Allowed, on or before the Effective Date, or at a later date as set by the Court if the allowance process extends beyond the Effective Date. Provided, however, that the holder of an Allowed Administrative Expense may agree to a different treatment.

**Treatment of Allowed Priority Claims**

Allowed Priority Claims will be paid by the Reorganized Debtor once Allowed over five (5) years with interest on such amounts at the rate of 12% per annum until paid in full. The payments shall be made in equal monthly payments on the first day of the month following the Effective Date and shall continue on the first day of each month thereafter until paid in full. This treatment applies to all priority taxing authority claims.

**Title 28 U.S.C. Section 1930 Fees**

Debtor shall pay all fees assessed by the Office of the United States Trustee until this Case is closed by the Court or the Debtor is otherwise released from such obligations by the Court.

**Claims by Class:**

C**lass 1: Allowed Priority Claims of Ad Valorem Taxing Authorities**

These claims once Allowed shall be treated as follows:

Class 1 shall consist of the Allowed Priority Claims of Ad Valorem Taxing Authorities which accrued on or prior to January 1, 2019 (the "Class 1 Claims**")**. The claims in this class include: Kenneth Maun, Tax Assessor/Collector, Louisiana Dept. of Revenue, Missouri Dept. of Revenue, Oklahoma Tax Commission, Texas State Comptroller, Texas Workforce Commission and the Virginia Dept. of Taxation. The estimated total of claims in this Class is $65,000.00.

Class 1 Claims are Impaired by the Plan. The holders of Class 1 Claims are entitled to vote to accept or reject the Plan.

The Class 1 Claims will be paid once Allowed over 60 months from the Confirmation Date. These creditors shall retain their liens to secure their claims until paid in full under this Plan. The Class 1 Claims shall be paid interest from the Effective Date of the Plan and 2% per annum following the Effective Date until paid in full. In the event that the Debtor disputes such claim, the payments will be applied to the undisputed amount of the claim as ultimately allowed. While resolution of any such objection is pending, payments pursuant to the Plan shall be applied to the undisputed portion of the claim as ultimately allowed. In the event of a default under the plan, counsel for holder of a claim in this class shall provide notice of the default via facsimile to counsel for the debtors. Such default shall be cured within 10 business days of the date of transmission of such notice of default. In the event the default is not cured, the Class 1 Claimants shall be entitled to pursue all amounts owed pursuant to state law outside of the Bankruptcy Court. The Claimant shall only be required to provide two notices of default. Upon a third event of default, the Class 1 Claimants shall be entitled to collect all amounts owed pursuant to state law outside of the Bankruptcy Court without further notice. Failure to pay post-petition taxes prior to delinquency shall constitute an event of default. These

claims are secured claims. These creditors shall retain their liens to secure their claims until paid in full under this Plan. The 2019 taxes shall be paid when due.

**Class 2: Allowed Secured Claim of BOKF, NA**

This claim shall be paid once Allowed as follows:

The Allowed Secured Claim of BOKF, NA is secured by real and personal property owned by a non-debtor. BOKF, NA has filed a secured claim in this case related to two pieces of real property owned by the Debtor. Once of those properties was foreclosed on by the Bank who credited $400,000.00 against the debt for the sale of the property owned by the Debtor in McKinney, Texas. The Bank still has a lien on the property in Oklahoma on Big Lots Parkway which is valued at $72,000.00. The Debtor is proposing to treat the entire claim of the Bank as fully secured as follows:

a. The Allowed Secured Claim of the Bank shall be paid in the approximate amount of $2,400,000.00 over 15 years based on a 30 year amortization with an annual interest rate thereon of 5.5.%. This results in a monthly payment of $13,626.94 to be paid by the Debtor for its use of the facility owned by Magnolia, a non-debtor related party. The first payment shall be due on the first day of the month following the Plan's Effective Date.

b. The Allowed Secured Claim of the Bank shall remain secured by its original liens as provided for in its loan documents and any amendments and modifications thereto. The Debtor shall maintain its guaranty with the Bank to further secure such claim.

c. The Bank shall have no unsecured claim under this Plan. The Bank is being treated as fully secured under this Plan. The Debtor may object to the claim of the Bank but whatever claim is Allowed will be paid in full under this Plan.

d. The Class 2 Claim of the Bank is impaired and the Bank may vote to accept or reject the Plan.

**Class 3: Allowed Secured Claims of Ford Credit**

These Claims once Allowed shall be treated as follows:

a. These Claims once they are Allowed Secured Claims shall be paid in full after the Effective Date with interest thereon at the rate of 6% per annum. Adequate protection payments shall be deducted from the amount of the Allowed Secured Claims. The estimated of claims in this Class are $48,700.00.

b. Payments shall be made in equal monthly payments on the first day of the month following the Effective Date in the combined amount of $700.00 per month.

c. Such Allowed Secured Claims shall be retain their liens until paid in full.

d. These Claims are Impaired and the holder of the Claims is entitled to vote to accept or reject the Plan.

**Class 4: Allowed Secured Claim of Oklahoma Employment Security Commission**

This Claim once Allowed shall be treated as follows:

a. This Claim once it is an Allowed Secured Claim shall be paid in full over a period of 60 months after the Effective Date with interest thereon at the rate of 4.5% per annum.

b. Payments shall be made in equal monthly payments on the first day of the month following the Effective Date.

c. Such Allowed Secured Claim shall retain its liens until paid in full.

d. This Claim is Impaired and the holder of the Claim is entitled to vote to accept or reject the Plan.

**Class 5: Allowed Claims for Employee Commissions**

These claims once Allowed shall be treated as follows:

a. The Claims in this class will be paid once Allowed in full over 24 months. The payments shall commence on the first day of the month following the Effective Date and shall continue on the first day of each succeeding month thereafter until the Allowed Claims are paid in full.

b. This class is Impaired and the holder of a Claim in this class is entitled to vote to accept or reject the Plan.

**Class 6: Allowed Priority Claim of the IRS**

This Claim once Allowed shall be treated as follows:

The Class 6 Claim is the Allowed Priority Claim of the IRS. The Allowed Priority Claim shall be paid in full over five (5) years with interest at the rate of 4.5% per annum. The payments shall be made in equal monthly payments on the first day of the

month following the Effective Date and shall continue on the first day of each month thereafter until paid in full. Payments are based on an estimated claim of $700,000.00.

Event of Default; Acceleration

**Event of Default**. The occurrence of any of the following shall constitute an event of default under the **Plan**:

1) **Failure to Make Payments**. Failure on the part of the Debtor to pay fully when due any payment required to be made in respect of the **Plan** Debt. However, due to the size and ongoing nature of the IRS's claim, upon a default under the **Plan**, the administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including but not limited to, the assessment of taxes, the filing of a notice of Federal (or state) tax lien and the powers of levy, seizure, and as provided under the Internal Revenue Code. As to the IRS:

(A) If the Debtor or their successor in interest fails to make any **Plan** payment, or deposits of any currently accruing employment or sales tax liability; or fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment; or if the Debtor or their successor in interest failed to file any required federal or state tax return by the due date of such return, the United States may declare that the Debtor are in default of the **Plan**. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest of Debtor is in default.

(B) If the United States declares the Debtor or the successor in interest to be in default of the Debtor' obligations under the **Plan**, then the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor or the successor in interest.

(C) If payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The IRS shall only be required to send two notices of default, and upon the third event of Default the IRS may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the **Plan**. **All payments will be sent to IRS, 1100 Commerce Street, M/S MC5027DAL, Dallas, Texas 75242 Attn: Mikeal Smith.**

(D) The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor to the Internal Revenue Service; but the Internal Revenue Service shall not take action to actually collect from such persons unless and until there is a default under the Plan and as set forth above.

The Class 6 Claim is Impaired and the holder of the Class 6 Claim is entitled to vote to accept or reject the **Plan**.

**Class 7: Allowed Claims of Unsecured Creditors.**

These Claims once Allowed shall be treated as follows:

a. Class 7 is impaired by the Plan. The holders of the Class 7 Claims are entitled to vote to accept or reject the Plan.

b. Each holder of an Allowed General Unsecured Claim shall receive pro rata from $2,500.00 per month, over 60 months, beginning on the 15th day of the month following the Effective Date. The estimated amount of the Class 6 Allowed Claims is $1,100,000.00.

**Class 8: Allowed Interests of the Equity Holders.**

On the Confirmation Date, all Equity Interests shall be retained by Sasha Bell. The Equity Interest Holders are unimpaired under this Plan.

## ARTICLE VI
## MEANS FOR IMPLEMENTATION OF PLAN

**6.01** **Implementation of Plan**. This Plan will be implemented, pursuant to Section 1123(a)(5) of the Code, by the commencement of payments as called for above. Projections for this Plan are attached to the Disclosure Statement and incorporated herein by this reference as if set forth in full for all purposes.

Upon the Effective Date, all property of the Debtor and its Estate shall vest in the Debtor, subject to the Allowed Secured Claims in this Plan.

The funds necessary for the satisfaction of the creditors' claims shall be generated from Debtor's income from continued operation of the business.

## ARTICLE VII
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**7.01** **Rejection of Executory Contracts and Unexpired Leases**. Debtor shall assume, pursuant to Bankruptcy Code Section 1123(b)(2), all by separate Motions unexpired leases of non-residential real property and executory contracts prior to the Confirmation Date. All contracts not assumed shall be rejected.

**7.02** **Reservation of Rights**. The Debtor shall have the right to assume or reject, pursuant to Bankruptcy Code Section 365, prior to the Confirmation Date, any executory contract or unexpired lease of real property (to the extent permitted under the Bankruptcy Code).

**7.03** <u>**Bar Date for Claims Based on Rejection**</u>. If the rejection of an executory contract or an unexpired lease by the Debtor results in damages to the other party or parties to such contract or lease, a Claim for such damages shall be forever barred and shall not be enforceable against the Debtor or their properties or agents, successors, or assigns, unless a proof of Claim is filed with the Bankruptcy Court and served upon the Debtor, by the earlier of (a) the end of the month following the period in which the Effective Date occurs or (b) such other deadline as the Court may set for asserting a Claim for such damages. Any Rejection Claim arising from the rejection of an unexpired lease or executory contract shall be treated as a General Unsecured Claim; *provided, however*, that any Rejection Claim based upon the rejection of an unexpired lease of real property either prior to the Confirmation Date or upon the entry of the Confirmation Order shall be limited in accordance with section 502(b)(6) of the Bankruptcy Code and state law mitigation requirements. Nothing contained herein shall be deemed an admission by the Debtor that such rejection gives rise to or results in a Claim or shall be deemed a waiver by the Debtor of any objections to such Claim if asserted.

## ARTICLE VIII
## ENFORCEMENT, SETTLEMENT, OR ADJUSTMENT OF CLAIMS

**8.01** <u>**The Debtor's Causes of Action**</u>. Except as otherwise released pursuant to the Plan, all Claims recoverable under Section 550 of the Bankruptcy Code, all Claims against third parties on account of an indebtedness, and all other Claims of any kind or character whatsoever owed to or in favor of the Debtor or the Estate to the extent not specifically compromised and released pursuant to this Plan or any agreement referred to and incorporated herein, are hereby preserved and retained for enforcement by the Debtor for the benefit of the Creditors subsequent to the Effective Date. This Plan shall not estop the Debtor from asserting any claim or cause of action whether disclosed or not.

**8.02** <u>**Objections to Claims.**</u> Any party authorized by the Bankruptcy Code may object to the allowance of Pre-petition Claims at any time prior to sixty (60) days after the Effective Date and, as to Rejection Claims, at any time prior to sixty (60) days after the filing of any such Rejection Claim. Any proof of Claim filed after the Court sets bar dates shall be of no force and effect and shall be deemed disallowed. All Contested Claims shall be litigated to Final Order; *provided, however,* that the Debtor may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court. Notwithstanding the foregoing, a person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

No distributions under this Plan shall be made to the holder of a Claim that is in dispute, unless and until such Claim becomes an Allowed Claim. If a Claim is disputed in whole or in part because the Debtor asserts a right of offset against such Claim or recoupment against the holder of such Claim, then, if and to the extent the Claim giving rise to the offset or recoupment is sustained by Final Order, the Claim in dispute shall be reduced or eliminated and, if applicable, the holder of such Claim shall be required to pay the amount of such offset or recoupment, less the amount of its Allowed Claim. In addition, any party authorized by the

Bankruptcy Code, at any time, may request that the Court estimate any contingent, disputed or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code, regardless of any prior objections.

## ARTICLE IX
## EFFECT OF CONFIRMATION

**9.01** **Discharge and Release of Debtor**.  Pursuant to Bankruptcy Code Section 1141(d), confirmation of this Plan does discharge the Debtor.

**9.02** **Omitted**.

**9.03** **Legal Binding Effect**.  The provisions of this Plan, pursuant to the Bankruptcy Code Section 1141 shall bind the Debtor and all Creditors, whether or not they accept this Plan. The distributions provided for Claimants shall not be subject to any Claim by another creditor or interest holder by reason of any assertion of a contractual right of subordination.

**9.04** **Discharge**.  Confirmation of the Plan shall result in the inability to commence or continue any judicial, administrative, or other action or proceeding on account of any Pre-Petition Date Claims against the Debtor.  Claims against non-debtors tied to the Debtor as well shall be treated under this Plan and such Claimants shall be enjoined from collecting on such claims based on the Debtor providing for treatment of such claims under this Plan.

Except as provided in the Plan, from and after the Confirmation Date, all holders of Claims against the Debtor are restrained and enjoined (a) from commencing or continuing in any manner, any action or other proceeding of any kind with respect to any such Claim against the Debtor, or its property; (b) from enforcing, attaching, collecting, or recovering by any manner or means, any judgment, award, decree, or order against the Assets or the Debtor on account of such Claims; (c) from creating, perfecting, or enforcing any encumbrance of any kind against the Assets, or the Debtor on account of such Claims; (d) from asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Debtor on account of such Claims; and (e) from performing any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan on account of such Claims; provided, however, that each holder of a Contested Claim may continue to prosecute its proof of Claim in the Bankruptcy Court and all holders of Claims shall be entitled to enforce its rights under the Plan and any agreements executed or delivered pursuant to or in connection with the Plan. Creditors shall not pursue claims against non-debtor third parties at the same time as their claims are being paid in full through the Plan; however, nothing herein shall bar First Bank from pursuing non-debtor third parties, including guarantors, against which it holds claims.  Such restraint shall be consistent with the discharge granted to the Debtor in connection with confirming its Plan as called for by the Code.

# ARTICLE X
## MISCELLANEOUS PROVISIONS

**10.01** **Request for Relief Under Bankruptcy Code Section 1129**. In the event any Impaired Class shall fail to accept this Plan in accordance with Bankruptcy Code Section 1129(a), the Debtor reserves the right to, and does hereby request the Bankruptcy Court to confirm the Plan in accordance with Bankruptcy Code Section 1129(b).

**10.02** **Revocation**. The Debtor reserves the right to revoke and withdraw this Plan at any time prior to the Confirmation Date.

**10.03** **Effect of Withdrawal or Revocation**. If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor.

**10.04** **Due Authorization by Creditors**. Each and every Claimant who elects to participate in the distributions provided herein warrants that it is authorized to accept in consideration of its Claim against the Debtor the distributions provided in the Plan and that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan.

**10.05** **Entire Agreement**. This Plan, as described herein, the Confirmation Order, and all other documents and instruments to effectuate this Plan provided for herein, constitute the entire agreement and understanding among the parties hereto relating to the subject matter hereof and supersedes all prior discussions and documents.

**10.06** **Section 1146 Exemption.** Pursuant to Section 1146 of the Bankruptcy Code, the issuance, transfer or exchange or any security under this Plan or the making or delivery of any instrument or transfer pursuant to, in implementation of or as contemplated by this Plan or the transfer of any property pursuant to this Plan shall not be taxed under any federal, state or local law imposing a stamp, transfer or similar tax or fee.

**10.07** **Provisions Governing Distributions.** All payments and distributions under the Plan shall be made by the Debtor as indicated. Any payments or distributions to be made by the Debtor pursuant to the Plan shall be made as soon as reasonably practicable after the Effective Date, except as otherwise provided for in the Plan, or as may be ordered by the Bankruptcy Court. Any payment or distribution by the Debtor pursuant to the Plan, to the extent delivered by the United States Mail, shall be deemed made when deposited into the United States Mail.

Payments of Cash to be made by the Debtor pursuant to the Plan shall be made by check drawn on a domestic bank or by wire transfer from a domestic bank.

Distributions and deliveries to holders of Allowed Claims shall be made at the addresses set forth on the proofs of Claim or proofs of interest filed by such holders (or at the last known addresses of such holders if no proof of Claim or proof of interest is filed).  All Claims for undeliverable distributions shall be made on or before the second anniversary of the Effective Date.  After such date, all unclaimed property shall remain the property of the Debtor and the Claim of any other holder with respect to such unclaimed property shall be discharged and forever barred.

Checks issued by the Debtor in respect of Allowed Claims shall be null and void if not cashed within ninety (90) days of the date of delivery thereof.  Requests for reissuance of any check shall be made directly to the Debtor by the holder of the Allowed Claim to whom such check originally was issued.  Any claim in respect of such a voided check within ninety (90) days after the date of delivery of such check.  After such date, all Claims in respect of void checks shall be discharged and forever barred, and the amount of such checks shall become Unclaimed Property and returned to the Debtor.

No interest shall be paid on any Claim unless, and only to the extent that, the Plan specifically provides otherwise.

**10.08**     **Governing Law.**   Unless a rule of law or procedure supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) is applicable, or a specific choice of law provision is provided, the internal laws of the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, without regard to conflicts of law.

**10.09**     **Default**.  Unless otherwise stated in this Plan, if the Debtor fails to satisfy any of the obligations under this Plan and such default is not cured within 30 business days of the date of transmission of notice of the default to the Debtor, then the defaulted party may pursue all of its remedies outside of the Bankruptcy Court, including, but not limited to, foreclosure on its lien(s) on property.  For purposes of this provision, notice shall be provided to the Debtor, c/o Joyce Lindauer, Esq. at Fax (972) 503-4034.

## ARTICLE XI
## MODIFICATION OF THE PLAN

**11.01**     The Debtor may propose amendments to or modifications of this Plan at any time prior to Confirmation, upon notice to all parties-in-interest.  After Confirmation, the Debtor may, with approval of the Court and so long as it does not materially or adversely affect the interest of creditors, modify to remedy any defect or omission or reconcile any inconsistencies in the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of this Plan.

# ARTICLE XII
# RETENTION OF JURISDICTION

Notwithstanding confirmation of the Plan or the Effective Date having occurred, the Court will retain jurisdiction for the following purposes:

**12.01** **Allowance of Claims**. To hear and determine the allowability of all Claims upon objections to such Claims.

**12.02** **Executory Contracts and Unexpired Leases Proceedings**. To act with respect to proceedings regarding the assumption of any executory contract or unexpired lease of the Debtor pursuant to Section 365 and 1123 of the Code and Article VII of the Plan.

**12.03** **Plan Interpretation**. To resolve controversies and disputes regarding the interpretation of the Plan.

**12.04** **Plan Implementation**. To implement and enforce the provisions of the Plan and enter orders in aid of confirmation and implementation of the Plan.

**12.05** **Plan Modification**. To modify the Plan pursuant to Section 1127 of the Code and applicable Bankruptcy Rules.

**12.06** **Adjudication of Controversies**. To adjudicate such contested matters and adversary proceedings as may be pending or subsequently initiated in the Court against the Debtor.

**12.07** **Injunctive Relief**. To issue any injunction or other relief as appropriate to implement the intent of the Plan, and to enter such further orders enforcing any injunctions or other relief issued under the Plan or in the Confirmation Order.

**12.08** **Interpleader Action**. To entertain interpleader actions concerning assets to be distributed or other assets of the Estate.

**12.09** **Correct Minor Defects**. To correct any defect, cure any omission or reconcile any inconsistency or ambiguity in the Plan, the Confirmation Order or any document executed or to be executed in connection therewith, as may be necessary to carry out the purposes and intent of the Plan, provided that the rights of any holder or an Allowed Claim are not materially and adversely affected thereby.

**12.10** **Authorization of Fees and Expenses**. To review and authorize payment of professional fees incurred prior to the Effective Date.

**12.11** **Post-Confirmation Orders Regarding Confirmation**. To enter and implement such orders as may be appropriate in the event the Confirmation Order is, for any reason, stayed, reversed, revoked, modified, or vacated.

**12.12** <u>**Final Decree**</u>.  To enter a final decree closing the Case pursuant to Bankruptcy Rule 3022.

Dated: July 23, 2019.

                                        Respectfully Submitted,

                                        /s/ Joyce W. Lindauer
                                      Joyce W. Lindauer
                                      State Bar No. 21555700
                                      Joyce W. Lindauer Attorney, PLLC
                                      12720 Hillcrest Road, Suite 625
                                      Dallas, Texas 75230
                                      Telephone: (972) 503-4033
                                      Facsimile: (972) 503-4034
                                      ATTORNEYS FOR DEBTOR


                                        /s/ Mansour Khayal
                                      For Icon Construction, Inc.